FILED

# Federal Court Central Florida Orlando FL

## 10-25-2017

2017 OCT 25 PM 12: 33

*[stamp illegible]* DISTRICT OF FL...
ORLANDO, FLORIDA

6:17-CV-1848-ORL-18DCI

Mr. Mahesh Ramchandani
Mrs. Nicky Ramchandani
Mr. Tanish Ramchandani
Plaintiff

V/S

Mr. Sunit Sanghrajka (Land Lord)

Ms. Sandi Bargfrede (Property Manager)

**Proceeding Pro Say**

Plaintiffs are a victim of discrimination several times by the Land Lord, Mr. Sunit Sanghrajka and the Property Manager, Mr. Sandi Bargfrede. The Land Lord always had and intention (motive) to hamper by business and close my shop and had desired to evict me out of their premises.

Plaintiffs had obtained the shop on lease from the Land Lord to undertake its business to earn livelihood, which was the only income source of the Plaintiffs, which is presently closed since last eight months.

Under the Lease, Plaintiffs have deposited $17,200 as security deposit, which could be utilized and set-off towards the rent payable under the lease. (Exhibit 01)

Under the Lease despite breach of several provisions of leases by Land Lord (few of which are listed below).

(a)      Delayed installation of awning on the building as promised (Exhibit 02);

(b)      No concrete work undertaken in front of the shop; (Exhibit 03);

(c)      Not allowing the Plaintiff to install lite sign board. (Exhibit 04);

(d)      Misrepresentation of area in the Lease and property referred in the email with red border marked, area rent charged is 1224 actual area given is 1056 sq. feet, which could possibly reduce rent by $500 a month and NNN charges earlier land lord used to charge was $316 this one is charging $816 NNN. (Exhibit 05)

(e)     Other promises that they will improve the property by giving me atrium seating and big chandelier, which was never provided, however rent was charged from the Plaintiff.  To substantiate this claim of the Plaintiffs, the Plaintiffs has the recording of the Property Manager's audio before signing lease.

(f)     Rejected the Plaintiffs claim for sewer water damages and refused to provide the details of insurance company, restricting the Plaintiff from his entitlement to claim from insurance company. (Exhibit 07).

(g)     Promise to replace all the flower bed area in front of the building with concrete and the Land Lord also received $20,000 as tax break by City of Winter Park. Despite receiving tax break, Landlord was forcing the Plaintiff to complete work at Plaintiff's expense, since the door was moved to new location. Shifting of door was undertaken to comply with norms from Fire department norm which require larger door for restaurant use (Exhibit 08).

(h)     Plaintiff believes that it is mandatory to provide minimum Rent free Construction time given of 90 days, by the Land Lord provided the Plaintiffs only 73 days.

(i)     Refused to provide drawings of the building, citing the reason that they do not have the drawings. Due to lack of drawings, this has caused considerable delay in obtaining city office permit (Exhibit 09).

Additionally, Plaintiffs received threats of Police from the Property Manager on initiation of discussions and resolution of issues. Property Manager refused to speak, instead called Police and uttered lies that the Plaintiffs have sent her hundreds of emails text and phone calls. Plaintiff submits that he made only 2 phone call and sent 1 message solely to initiate discussions for settlement and Plaintiff interest to take possession of the property (Exhibit 10).

Further, the lease reads, "security deposit can be used against any default but landlord is not required to do so" and the Landlord had $17,200 as security deposit. Even though the lease says that the Land Lord can co-mingle the funds, the Land Lord is in clear violation of Statute 83.49, 1, (a), (b), (c), where Landlord failed to deposit the security deposit in escrow account and comingled that security deposit with his money. The Land Lord did not pay interest to Plaintiff but also earned interest on that security deposit.

During the eviction process, the Land Lord visited the premises on Jan 28th, 2017 at 5 PM and there was discussions on various issues. The Land Lord realized his mistake and assured me he does not intend to evict me and he will work with the Plaintiff to resolve all outstanding issues. Plaintiff submits that there is a CCTV recording of the said meeting, recording of which is in possession of the Land Lord. Based on his assurance, the Plaintiff did not hire an attorney Jennifer for eviction.

Even after several discussions with Land Lord assuring resolution of the issues, Land Lord without using any avenues, i.e. utilizing the security deposit opted to evict the Plaintiff.

The Land Lord motive and intention was clear from the email sent by him to Attorney Jennifer's evidencing the hatred for the Plaintiffs (Exhibit 11).

Despite substantial breaches of provisions of Lease by Land Lord and no substantial breach by Plaintiff and payment of total amount of $12,950 plus the security deposit of $17,200, the Land Lord have

illegally seized and confiscated the assets and equipment of the Plaintiffs lying in the Shop. Due to this action of the Land Lord, the Plaintiff has suffered and is continuously suffering huge losses loss of business and livelihood. Due to the intention of Land Lord of hatred and victimizing the Plaintiffs by restricting to undertaken business, the Plaintiff entire investment of his hard-earned money of $200,000 is at loss, including plants & machinery (lying in the shop), good will and reputation, which could not be compensated in monetary terms.

Plaintiffs therefore approaches this Court, to provide justice by adequately restoring the losses suffered by the Plaintiffs for non-operationalization of the business due to the actions of hatred and victimization by the Land Lord, including releasing of the assets and equipment lying in the shop.

Plaintiffs therefore claim an amount of $ as high as possible towards racism, harassment and victimization due to Plaintiffs caste, creed and nationality and releasing of the assets and equipment lying in the shop.

Plaintiffs business falls under Minority business enterprise.

Mahesh Ramchandani

Nicky Ramchandani

Tanish Ramchandani

Address
269 Springs Colony Circle
Apt: 246
Altamonte Springs
FL 32714

Phone 732-520-8587
Email :- hergift3@gmail.com