# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

MAHESH RAMCHANDANI, NICKY
RAMCHANDANI and TANISH
RAMCHANDANI,

        Plaintiffs,

v.                                          Case No:  6:17-cv-1848-Orl-41DCI

SUNIT SANGHRAJKA, SANDI
BARGFREDE, SUNIL GANDHI,
CHIRAG KABRAWALA, WILLOW
SHAMBECK and NIKESH SHAH,

        Defendants.

## REPORT AND RECOMMENDATION

      This cause comes before the Court for *sua sponte* consideration of the Court's subject matter jurisdiction, following the issuance of two Orders to Show Cause (Docs. 6, 13) and another Order commenting on the Court's lack of subject matter jurisdiction (Doc. 11).  As set forth in this Report, the undersigned respectfully recommends that this case be dismissed for a lack of subject matter jurisdiction.

      On October 25, 2017, Plaintiffs, proceeding *pro se*, filed a Complaint that contained allegations in relation to a commercial lease; there was no indication in the Complaint as to why this Court had subject matter jurisdiction over the case.  Doc. 1.  Thus, on November 17, 2017, the Court entered an Order to Show Cause (First OTSC) why this case should not be dismissed for lack of federal subject matter jurisdiction.  Doc. 6.

      In their response to the First OTSC, Plaintiffs claimed that the Court has jurisdiction over this matter pursuant to the Fair Housing Act (FHA).  Doc. 12 at 1-3.  But Plaintiffs' cause of action

revolves around a commercial lease, not a residential lease. *See* Docs. 1; 12. As such, the FHA does not apply to Plaintiffs' alleged cause of action. *See* 42 U.S.C. §§ 3602, 3604-3606. Thus, Plaintiffs failed to demonstrate that the Court had federal question jurisdiction over this matter.

Plaintiffs also claimed in their response that the Court has diversity jurisdiction over this matter. Doc. 12 at 3-4. But Plaintiffs did not provide the citizenship of Defendants. *Id.* Moreover, although Plaintiffs stated that they reside in Virginia, Plaintiffs did not make any allegations regarding their own citizenship. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (stating that residence alone is not enough to establish citizenship) (citation omitted). And the Court had concern that Plaintiffs may have been citizens of Florida due not only to the allegations in the Complaint that they were starting a business in Florida, but also because Plaintiffs provided the Court with a residential mailing address for a Florida apartment in their Complaint. Doc. 1 at 3. Plaintiffs did not address this apparent discrepancy in their response. *See* Doc. 12. Of course, for the purposes of diversity jurisdiction, citizenship is equivalent to domicile, which requires not only residence in a state, but also an intention to remain in that state indefinitely. *Id.* (citations omitted). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam) (citation and internal quotations omitted). In addition, Plaintiffs failed to support their diversity allegations with an affidavit or declaration under penalty of perjury as directed by the Court. *See* Docs. 6 at 3; 12; *see also Travaglio*, 735 F.3d at 1270 (allowing defective allegations regarding citizenship to be cured through record evidence). Nor did Plaintiffs file an amended complaint that adequately pleads facts supporting federal subject matter jurisdiction. Thus, Plaintiffs failed to demonstrate that the Court has federal diversity jurisdiction over this matter.

Upon review of Plaintiffs' response (Doc. 12) to the First OTSC, the Court continued to have concerns regarding the existence of federal subject matter jurisdiction, as Plaintiffs did not provide any facts to establish the existence of either federal question jurisdiction or diversity jurisdiction. *See* Doc. 1; 28 U.S.C. §§ 1331, 1332. Thus, on January 4, 2018, the Court again ordered Plaintiffs to show cause in writing why this case should not be dismissed for lack of federal subject matter jurisdiction. Doc. 13 (the Second OTSC). In the Second OTSC, the Court stated that, to the extent Plaintiffs are claiming federal question jurisdiction, Plaintiffs shall specifically list all statutes, laws, or constitutional provisions that are at issue in this case. *See* 28 U.S.C. § 1331. To the extent Plaintiffs are claiming diversity jurisdiction, Plaintiffs must state the citizenship of each and every party, and must state the amount in controversy. *See* 28 U.S.C. § 1332. The Court explained that Plaintiffs' response must be supported by evidence, which should be in the form of an affidavit or declaration under penalty of perjury. *See, e.g.*, *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2011) (allowing defective allegations regarding citizenship to be cured through record evidence). In the alternative, the Court allowed Plaintiffs to file an amended complaint that addressed the foregoing issues and adequately pleaded facts supporting federal subject matter jurisdiction. Finally, the Court warned that: "**Failure to comply with this Order in the time provided may result in this case being dismissed without further warning. Further, as this is now Plaintiffs' third opportunity to establish federal subject matter jurisdiction, failure to do so may result in this case being dismissed without further warning.**" Doc. 13 (emphasis in original). The Court allowed Plaintiffs until February 1, 2018 to comply with the Second OTSC.

On January 31, 2018, Plaintiffs filed the Amended Complaint. Doc. 16. In the Amended Complaint, Plaintiffs purport to state a claim pursuant to 42 U.S.C. §§ 1981, 1982, 1983, in relation

to alleged discrimination and civil rights violations, apparently on the basis of Plaintiffs' national origin.  *Id*.  Although Plaintiffs make various references to state statutes as well, the only actual claim for relief tied to a specific legal theory is made pursuant to § 1982, when Plaintiffs request that the Court: "Declare Defendant's actions complained of herein to be violation of Act of 1968 as amended, 42 U.S.C. § 1982."  Doc. 16 at 11.  Plaintiffs also request damages in the amount of $160,000.00, but there is no clear legal basis for this request.  *Id*. at 10-11.  Further, it appears that Plaintiffs have abandoned their FHA claim, as it appears nowhere in the Amended Complaint.

This is a Court of limited jurisdiction, and it is under a continuing obligation to review its docket to determine whether subject matter jurisdiction exists to allow a case to proceed. In the context of *pro se* pleadings, the Eleventh Circuit has explained that:

> We hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers.  Accordingly, we construe [a *pro se* plaintiff]'s pleadings liberally.  Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.

*Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (internal citations and quotation marks omitted).  And "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Here, Plaintiffs simply fail to allege any facts sufficient to state a federal claim pursuant to §§ 1981, 1982, or 1983.  Section 1981 provides as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Further, § 1982 provides that:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

"Section 1983 provides a civil cause of action for 'a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.'" *Lloyd v. Foster*, 298 F. App'x 836, 838 (11th Cir. 2008) (quoting *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995)).

As their only basis for their §§ 1981, 1982, and 1983 claim(s), Plaintiffs' recite from an email from Defendant Willow Shambeck (a realtor) to Plaintiffs' relator: "Deal is approved but being that their money is in India I need 4 months deposit. 1 month of that will be for the first month's rent." Doc. 16 at 3. According to Plaintiffs, that email "was a discriminating statement about the Plaintiff(s) being from India and insisted more money for security deposit on June 20, 2016, violates the rights of the Plaintiff(s) to enjoy the same entitlements as any other US citizen," giving rise to liability pursuant to §§ 1981, 1982, and 1983. The remainder of the lengthy Amended Complaint contains allegations of various facts relating to a failed frozen yogurt franchise, Plaintiffs' eventual eviction from the space leased to operate that franchise, and the state court eviction proceedings. *Id*. There is no other mention of any allegedly discriminatory conduct or violation of federal law. *See id*. Plaintiffs' sole allegation that a Defendant required four months' deposit because Plaintiffs' money was in India is not sufficient to state a cause of action under §§ 1981, 1982, or 1983.

To the extent that Plaintiffs attempt to allege diversity jurisdiction, they have now failed on three occasions to do so. Again, Plaintiffs' allegations about their own citizenship is vague, claiming connections to both Florida and Virginia, but also failing to actually allege their

citizenship for diversity purposes.  As to Defendants, Plaintiffs allege that "Defendant(s) are residents of the State of Florida."  Doc. 16 at 3.  There are no other allegations as to Defendants' citizenship.  Further, to the extent that Plaintiffs seek to allege a state court claim related to their eviction from the commercial space leased for the business, it appears from the limited information before the Court that Plaintiffs may have already litigated their eviction case in state court.  *See* Doc. 16-1 (attaching documents from the eviction case in the County Court in and for Orange County, Florida, 2017-CC-000280-O).  And although the alleged damages flowing from the failed business venture described in the Amended Complaint allegedly total in excess of $75,000.00, there are no allegations that actually support a cause of action under state law that would allow for a claim in diversity, even assuming that the Court had subject matter jurisdiction due to a complete diversity of citizenship between the parties (which it does not based on the allegations in the Amended Complaint).

The factual allegations in all of Plaintiffs' pleadings and filings being so woefully inadequate to evoke this Court's subject matter jurisdiction, the undersigned must recommend that the case be dismissed.  Plaintiffs have been given three opportunities to plead an action giving rise to this Court's subject matter jurisdiction, either due to a federal question or the diversity of the parties.  Plaintiffs have failed on each occasion.  Thus, it is respectfully **RECOMMENDED** that the Amended Complaint be **DISMISSED** without prejudice.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

      Recommended in Orlando, Florida on March 1, 2018.

                                      DANIEL C. IRICK
                                      UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy