UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MAHESH RAMCHANDANI, NICKY RAMCHANDANI and TANISH RAMCHANDANI,**

        **Plaintiffs,**

v.                                                        **Case No: 6:17-cv-1848-Orl-41DCI**

**SUNIT SANGHRAJKA, SANDI BARGFREDE, SUNIL GANDHI, CHIRAG KABRAWALA, WILLOW SHAMBECK and NIKESH SHAH,**

        **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiffs' Amended Complaint (Doc. 16). On November 17, 2017, United States Magistrate Judge Daniel C. Irick issued an Order to Show Cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (Nov. 17, 2017 Order, Doc. 6, at 2). Plaintiffs, proceeding *pro se*, filed a Response on December 14, 2017, alleging both federal question and diversity jurisdiction. (*See* Resp., Doc. 12, at 1–3). On January 4, 2018, Judge Irick issued a second Order to Show Cause, expressing concerns regarding the existence of subject matter jurisdiction and Plaintiffs' failure to prosecute the case. (Jan. 4, 2018 Order, Doc. 13, at 1–3). In response, Plaintiffs filed the Amended Complaint (Doc. 16). On March 1, 2018, Judge Irick submitted a Report and Recommendation ("R&R," Doc. 24), recommending that the Amended Complaint be dismissed without prejudice. Specifically, Judge Irick concludes that Plaintiffs have failed to adequately invoke this Court's subject matter jurisdiction despite repeated opportunities to do so. (*See generally id.*). Plaintiffs filed an Objection to the R&R (Doc. 25).

In the R&R, Judge Irick found that although Plaintiffs alleged violations of the Fair Housing Act ("FHA") as the source of federal question jurisdiction, the FHA does not apply to this suit, as the lease this claim revolves around is a commercial lease. (Doc. 24 at 1–2). Regarding Plaintiffs' allegations of diversity jurisdiction, Judge Irick noted that Plaintiffs do not provide the citizenship of Defendants, or adequately allege their own citizenship. (*Id.* at 2). Instead, Plaintiffs provided conflicting evidence regarding their own citizenship: Florida mailing addresses, information regarding a business they started in Florida, and a statement alleging that Plaintiffs reside in Virginia. (*Id.*). Judge Irick also found that Plaintiffs failed to follow the Court's instruction to support their diversity allegations with an affidavit or declaration under penalty of perjury after three opportunities to do so. (*Id.* at 2, 5).

In their Objection, Plaintiffs claim that they adequately alleged both federal question and diversity jurisdiction. First, Plaintiffs reassert that their FHA claim provides a basis for subject matter jurisdiction without addressing Judge Irick's conclusion that the FHA does not apply in this case. Second, Plaintiffs allege that they are citizens of Virginia without providing any support. (*See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269–70 (11th Cir. 2013) (noting that unsworn statements of a party's citizenship are insufficient to cure a jurisdictional pleading deficiency). Plaintiffs then cite several cases and statutes with no application or explanation of how they prove subject matter jurisdiction exists in this case. Additionally, Plaintiffs provide evidence they believe proves the alleged discriminatory conduct, as well as new substantive claims for what they seem to believe provides a basis for either diversity or supplemental jurisdiction. (Doc. 25 at 2–7). While the Eleventh Circuit has held that *pro se* pleadings are held to a less stringent standard and are to be construed liberally, "this leniency does not give a court license to serve as de facto counsel for

a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted).

Thus, after a *de novo* review of the record, the Court agrees with Judge Irick's analysis. Plaintiffs have failed three times to follow the Court's instructions and address the stated concerns over subject matter jurisdiction. Therefore, the Amended Complaint (Doc. 16) will be dismissed without prejudice.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 24) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. The Amended Complaint (Doc. 16) is **DISMISSED without prejudice**.
3. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 18, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record